Dysart versus Trustmark National Bank. Okay, Ms. Dysart, will you please come and speak to us? Good morning, Your Honors. May it please the Court? My name is Nell Dysart, and I'm the pro se plaintiff and appellate in this action against Trustmark National Bank. In looking at Ex parte Turner, there are very many similarities in that case and in my case, mainly that the Turners were not given the notice that was required in their mortgage. I was not given notice in my mortgage either. The Turner case required the lender to notify the borrower of the right to bring a court action directly attacking the foreclosure, and because the lender had not done that, the Supreme Court of Alabama said that that requirement was a strict notice requirement. That is correct, Your Honor. That provision also was in my mortgage. I was not given that, or I wasn't given any of them. Your Honor, I know you all have read the briefs, but I think this case will make more sense if you will allow me to sort of guide you through it. Do I have your permission? It's your argument, Ms. Dysart, and you can do it. We are familiar with your brief and your argument, and we've read the district court opinion and we've read the brief, so we understand, I think, basically what the case is about. It seems to me your strongest arguments are based on Turner and based on the notion that under Alabama law, as I understand it, you don't have to have actual damages for a breach of contract action. The breach can support an award of nominal damages just for a breach, and to the extent that the district court said something different from either of those propositions, it seems to me you've got a pretty good argument. Yes, sir. I believe so, too. But Your Honors, the problem with this is it was not default on my part. The Trustmark attempted foreclosure twice, and it had nothing to do with the default. Trustmark manufactured the default both times. The first one, I attempted to make my mortgage payment. I tendered the money. They did not accept it. But I don't know whether you're aware that the problem with this line of argument is it's really not for us to determine whether there was a breach here or not. As I understand it, the district court has dismissed your complaint because as a matter of law, it has concluded that your complaint fails. The district court did that because the district court concluded that you at least had constructive notice of these requirements in the contract. Now Turner would appear to suggest, the Supreme Court of Alabama has said that there's got to be strict compliance with that notice requirement. That is correct. That would seem to undermine that aspect of the district court's ruling. Then the district court also said that, well, there also doesn't appear to be any damage here, but that seems also to be undermined by Alabama law, which as I read it, suggests that there can be an award of nominal damages for a breach of contract. The only thing we have to decide here is whether the rationales of the district court in saying that your complaint fails as a matter of law were actually misreadings of Alabama law and we would send it back to the district court for further proceedings. Yes, Your Honor, because like I said, my mortgage does require strict compliance and there was not strict compliance. I was not given a notice prior to acceleration. The main thing is the default was not given at all, ever. The default, if there was one, was going to be the tax issue. The taxes were tolled until the stay was lifted on September 4th, on September 2007. On September 4th, 2007, also there was an agreed order tolling the taxes until the Jefferson County tax collector's office had computed the taxes. I was not given, I did not have the opportunity to pay those taxes because they foreclosed on October 15th and the tax accounting was not completed until November 28th. So they did not give me a default. They did not give me an amount for the default because they didn't know it. They would not have known it until November 28th, about six weeks after they foreclosed. Your home was foreclosed on October 15th, 2007, I believe. That is correct, sir. And the cases that you filed, the district court referred to, were all filed after the foreclosure, I believe. That is correct. See, the district court judge said with regard to your notice on whether or not you were told you had a right to bring the lawsuit before the foreclosure, the district court said, well, you're somebody who obviously knows how to use the courts because you filed all these lawsuits, but you filed those lawsuits after. Yes, sir. Filing the lawsuits after don't teach us very much about how much you knew before. No, sir. No. Thank you. It was all learned afterwards because I had to. I raise that point because the law in Alabama, as I've done my research, appreciate I come from a different circuit, so I have to study these cases with real care because I don't know the law of Alabama and I traced the law of strict compliance back to 1930. Alabama has been severe with that. On the other hand, there is a body of law represented in the Redmond case and in the Perry case that in essence says, well, if you already know what the notice is supposed to tell you, then not giving you the notice didn't hurt you. It's sort of like harmless error. And that body of cases is there and that's what the district court judge applied to you when he said, oh, you didn't get the notice of the right to sue, but you didn't need it because you already knew, but the basis of what you already knew was what you learned after the court was too late to be of any help to you. Yes, sir. Are there any? I don't know that we have any other questions. If you want to save the remaining time that you have for your rebuttal, you may do so. You already had five minutes, so we'll give you seven if you need it, but we'll hear from Mr. Morissette. Thank you. Thank you, Ms. Dysart. May it please the Court, Henry Morissette for Trustmark National Bank. The Court asked us to address the Ex parte Turner case especially, and so I'll start off with that. In Ex parte Turner, as someone pointed out, I believe, the Court held that the notice was never provided to the borrower of the right to bring an action in litigation against the other. That's true here, too, isn't it? Your Honor, it is, but this case is distinguishable on other grounds. The Ex parte Turner case doesn't indicate it's new law. It actually relies on applying the Jackson v. Wells Fargo case. The Jackson v. Wells Fargo case held that in that case, there was no notice before acceleration of the impending foreclosure and acceleration. The first notice was of the foreclosure. In this case, Judge Boudry cites and relies on the Jackson case to set out the requirements for notice. From that case, Judge Boudry finds that through filings and correspondence with Ms. Dysart's counsel, she was represented by counsel at the time, that there was notice of default, notice of what was needed to cure the default, notice of a time limit, which was extended to greater than 30 days, to cure, and that there would be acceleration and foreclosure if there was no cure. Judge Boudry did find that there was no evidence, in her opinion, of notice of the right to reinstate after acceleration. Do you agree with that? Was she right? Your Honor, on the basis of her finding, I do. And she also found there was no notice of the right to bring the lawsuit before foreclosure? You're correct, Your Honor. I will. And you agree with that as well? I agree with the second part. I do want a modified answer. I think that the facts that Judge Boudry laid out as to why there was actual knowledge of the right to reinstate, the discussion between the lawyers in writing and emails, to me, shows actual notice of the right to reinstate. So I would modify my answer regarding Judge Boudry's opinion in that way. I think that necessarily the email exchange shows notice of the right to reinstate. Was that because the lawyers were negotiating for reinstatement? Yes, sir. Yes, ma'am. But how does that show that Ms. Dysart had noticed before there was a default or before there was a foreclosure? Because that discussion occurred before the foreclosure, and Ms. Dysart's attorney clearly knew the right to reinstate because he was negotiating about the right to reinstate. The right to reinstate, but it's not the right to reinstate. The stubbing of the toe here has to do with the, in particular because of Turner, with the notice of the right to bring the lawsuit. Your Honor, you're correct. So if we just focus on that, it only, just a dab will do you. You only have to, you only have to breach one of the notice obligations to have the foreclosure undone, correct? And that's what Turner stands for. Correct, under Turner. But in this case, you have the additional finding by Judge Boudry of actual knowledge both as to the right to reinstate and the right to bring the lawsuit. With us, the right to bring the lawsuit is what we're homing in on you on. The district court judge said that Ms. Dysart had the knowledge of the right to bring the lawsuit because she brought four lawsuits, so she obviously knows she can bring a lawsuit. That's correct. She brought those lawsuits after the foreclosure. So how can the knowledge that she obtained after the foreclosure have any relevance to her state of mind before the foreclosure? Her initial lawsuit was brought by the same counsel she initially had, and I believe the court was saying that that was, she derived that from that conclusion. I'll also point out that, well, that shows that the initial, that the counsel may have known that he had the right to bring the suit after foreclosure. There's no evidence in the record that the counsel, showing that the counsel had knowledge of the right to bring the lawsuit before the foreclosure. Your Honor, other than him bringing the lawsuit as stated on the record? He brings it after, but that may be because he looked it up and said, I can bring it after. I can't know his motivation. I would point out that. Which means that there was not compliance, the strict compliance that Turner says is required, right? I would assert that Judge Baldry found actual knowledge in Ms. Dysart's appeal. There was no assertion or contest of that actual knowledge, of that specific factual finding. In other words, some state... It was done down at the bottom, doesn't your case here turn on your ability to convince this court that Turner abrogated, that is to say overruled, a body of law in Redmond and in Perry?  Yes, Your Honor, in Redmond. Perry says that Alabama law is clear, the errors in the notice that don't prejudice the mortgager won't invalidate a foreclosure sale. Yes, Your Honor, and that's consistent with Redmond's finding. But that law goes back to 1908, and so you're, don't you have to convince us that in Turner, the Alabama Supreme Court abrogated a body of law that's been around for a long time? Is it the opposite? Well, you're, aren't you relying on the Perry-Redmond line of cases? Yes, Your Honor. I'm relying on... But you're telling us they didn't affect that at all? Yes, Your Honor. You're right. I'm arguing that unlike Turner, unlike Jackson, there was no actual knowledge finding, and that actual knowledge finding was not contested in Ms. Dysart's original appeal. Admittedly, in the supplemental brief, she made some comments on her default and notice, but she never addressed the knowledge element, the actual knowledge finding by the court. And you're exactly right. That is our point, is that if someone has actual knowledge... She's made the argument that she was required, that the bank was required to strictly comply here, right? She's making the argument that there had to be, each one of those boxes had to be checked off and that the actual knowledge of the borrower was irrelevant. And our argument is that Jabaldi found there was actual knowledge, and therefore, you cannot have a breach of contract for failure to notice if, in fact, you knew. And furthermore... I don't know how, though, the district court could find that you had actual notice of something before foreclosure based on something that occurred afterward. I can only speculate... I can only say that Judge... She was represented by the same counsel who filed that lawsuit, and I believe he indicated there was nothing she could do about the foreclosure in the record. That was the testimony. And similarly, with respect to the reinstatement, the fact that the lawyer was negotiating even before the foreclosure for reinstatement doesn't mean that there was knowledge of a right to reinstatement, only that that was something the bank might do. Well, I believe in the communications it was indicated if she could bring it current, then there would be no... She could prevent the foreclosure, and she indicated she could only pay $300 per month toward the back debt to bring it current. Right, but that was a negotiation between the lawyers and the bank. It was a negotiation, but I would submit that that negotiation itself shows notice because he knew he could negotiate. He knew the deal was available. He just couldn't satisfy the terms. He could not bring it current, basically, is what he said. The... If there's a breach, the Alabama law doesn't require actual damages, does it? I want to address the nominal damages, Your Honor. It is true that there is Alabama case law that holds that you can have nominal damages for breach of contract. There's Alabama case law that says you don't have to have actual damages, right? Yes, Your Honor. I'm sorry. That's what I meant. I didn't say it correctly. I apologize. That authority would not apply here for two reasons. First of all, since Judge Boudry found she... And I possibly created this problem by having some loose language in our briefing, but Judge Boudry actually found that since there was actual knowledge, there could be no action for failure of notice rather than that there was no actual damages provable. And second of all, even if nominal damages were the issue, even a pro se appellant has to show that, has to bring up something in her filing unless it's plain error. And in this case, Ms. Dysart did not raise the nominal damages issue. This court raised it later and asked us to brief it. In our briefing, the first thing we set forth was that nominal damages being not substantive could not be plain error, such that it should not be considered by the court if not raised on appeal. And secondly, we would state, as I did before, that this is not a failure of proof of damages case. This is a failure of proof of lack of notice case, lack of knowledge. Yeah, but if there's a problem, though, based on Turner, our reading of Turner, with the to me that if we're going to, if we were to reverse and send it back, we ought to tell the district court, oh, by the way, there don't have to be actual damages here, as we understand Alabama law. As I understand Alabama law, that's correct. My point is just for purposes of this appeal, it was not properly raised on this contract. Well, it kind of has been now. It was raised by the court. There's been some supplemental briefing about it. I don't know. I don't know if at this point. There has been, but I still think plain error applies when something is not raised originally on appeal, even if the court asks for supplemental briefing on it. Is there any, I guess, any explanation why there were the two tax sales? And as to this property, it seemed to me that there must have been a lot of confusion. Well, all that happened during the 2004 time period. And when... Did the bank have any role in that? The bank did not. The bank had the role in trying to seek relief from state to undo those tax sales because they were improper. But the foreclosure was for two reasons, ultimately. One was the failure to have insurance in place on the property, which resulted in a forced replacing of insurance, a premium payment, and the failure to pay for that premium payment, which was the default. The second default was the failure to pay taxes outside of the tax sale, which was... But were both set forth in the various documents that were sent to Ms. Dysart and her attorney and were referenced by Judge Baldry as showing those steps of notice that Judge Baldry did find. So those are the two grounds for the foreclosure? Yes, Your Honor. Not the failure of payment on the mortgage? No, Your Honor. This is not a case about a failure to pay principal and interest on the mortgage. Thank you. Thank you, Mr. Morsad. Ms. Dysart. Thank you, Your Honors. First, I'd like to let the Court know that the attorneys that filed the initial lawsuit for me was not the attorney that was handling my bankruptcy. It was many, many months before I could find someone to take this case. Therefore, the attorneys that filed after the foreclosure, they knew nothing about me or anything that had gone on prior to me contacting them. Mr. Morsad said that the foreclosure was for taxes. I mean to say, I'm sorry, insurance. But that is not what they say. In their, I think this comes from their answer, it says, In that brief, Trustmark again alleged that Dysart was in default on the loan for failure to reimburse Trustmark for insurance premiums which Trustmark paid plus taxes and interest, plus interest and costs. Well, they said it again. A failure to immediately reimburse people's, which was Trustmark, is a default under the mortgage and entitles People's Bank to accelerate all sums and foreclose upon the property. But that is not true. Because what the mortgage says is if the lender places forced place insurance on the property, then the premium goes into the loan and the borrower is charged interest on that. So that was, that, you know, that's a disagreement right there. One other thing, I don't know if we've, I don't think we brought it up, but Mr. Morsad was saying that I was given notices, even the district court said I was given four different notices and plus something else. But all of this happened while the automatic stay was in place. And in, out of this court, it says, indirect collection actions including collection initiated through legal proceedings, they're against the automatic stay. They can't do that. The only notices that Trustmark gave was the motion. The motion to lift the automatic stay and the notice to me, they're different. And everywhere I've looked, a motion is a notice to the court. Even if they, even if they said, even if they could prove that those notices to me were in fact notices, they were, they were illegal because they were attempting money while the stay was in effect. So I don't, I don't see how they can say that I was noticed. I found out about the foreclosure when someone called me the day of the foreclosure. I don't know about those conversations. I have, I have put it in affidavits. I don't know about those conversations that went on between my bankruptcy attorney and Trustmark. I found out about them in the pleadings. Are there any more questions for me? No, Ms. Dicer. Thank you, sir. Thank you very much. We have your case. Thank you for appearing this morning.